## Hollett and Others *v.* Evans and Another.

PARTITION OF LAND.—EXCEPTIONS TO REPORT OF SALE.—An order having been made for the sale of land in a proceeding for partition, the commissioner reported a sale, and thereupon the purchaser appeared and filed exceptions to the report, upon which the commissioner made up an issue, and, without any notice to other parties, a judgment setting aside the sale was rendered.

*Held*, that the order setting aside the sale was a final judgment from which an appeal will lie.

*Held*, also, that an independent suit by the purchaser would have been the proper method to obtain the relief he sought.

*Held*, also, that as the exceptions filed failed to show any cause of action, the objection was not waived by a failure to reserve any exception in the court below.

APPEAL from the *Hendricks* Common Pleas.

ELLIOTT, C. J.—This was, in the first instance, a suit between the appellants for partition. The real estate being incapable of division without detriment to the interests of the parties, it was ordered to be sold, and was sold by a commissioner to the appellees. When the report of sale was made, the appellees, without any notice to the appellants and in their absence, filed exceptions to the confirmation of the sale. Thereupon the commissioner and the appellees made issues, and upon trial thereof there was an order entered setting aside the sale.

It is contended that there was no final judgment, and that this appeal should therefore be dismissed. This is a mistake. The purchasers sought to set aside the contract of sale in this very novel method, and thereby relieve themselves of its obligations. They sought nothing more. As to them, the order was a final judgment, if valid at all. They had no further case in court, and they could not have any possible interest in the subsequent proceedings. Their exceptions must be regarded as a complaint against the parties in interest to rescind the the contract, and the order setting aside the sale as a final judgment of rescission. True, their proceedings were irregular, and probably without pre-

cedent, but that was their own fault, and they can derive no advantage from it. An independent suit to annul the contract of purchase would be a proper method of obtaining the relief sought. This ought not to be injected into the partition suit, or sought to be made a part of it. We think that the appeal is well brought.

The appellants, not having appeared or paid any attention to the exceptions of the purchasers, (appellees,) of course did not except to any ruling of the court below, and it is urged that there is, consequently, no question in the record for our consideration. This also is a position in which we cannot concur. When the complaint fails to aver enough to constitute a cause of action, the objection to the judgment for the plaintiff may be first made in this court upon appeal. 2 G. & H. § 54, p. 81. The complaint, (the exceptions to the confirmation of the sale being regarded as the complaint,) is subject to this objection. It contains scarcely anything which is necessary to make a case. For this reason, the order setting aside the sale must be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*L. M. Campbell* and *J. V. Hadley*, for appellants.

*C. C. Nave*, for appellees.