Filed June 21, 1884.

———————◆———————

No. 11,347.

THE STATE v. COOPER ET AL.

CRIMINAL LAW.—*Pleading.*—*Practice.*—*Indictment.*—*Information.*—Where, upon the quashing of an indictment, the prosecuting attorney, upon affidavit, files an information charging the same offence, no question as to the action of the court in quashing the indictment can be made in the Supreme Court.

SAME.—*Affidavit.*—*Signature of Affiant.*—*Name.*—*Plea in Abatement.*—A plea

in abatement of an information, that the real name of the person who made the affidavit is not the name signed to the affidavit, that the affiant's true name is different (stating it), and that the name signed is fictitious, is bad on demurrer.

From the Sullivan Circuit Court.

*F. T. Hord,* Attorney General, *J. D. Alexander,* Prosecuting Attorney, *J. C. Briggs* and *C. E. Barrett,* for the State. *S. Coulson,* for appellees.

ELLIOTT, J.—The court, upon the motion of the appellees, quashed the indictment which had been returned against them, and thereupon the prosecuting attorney filed an affidavit and information charging the same offence as that described in the indictment. In our opinion the filing of the information and affidavit superseded the indictment, and, like the amendment or substitution of pleadings in civil actions, rendered the rulings on the indictment immaterial. As the indictment was supplanted by an information, the ruling on the motion to quash presents no question requiring consideration from us.

The appellees filed what is called a plea in abatement, which, omitting the formal parts, is as follows: "Defendants say that said information is not founded upon and supported by a sufficient affidavit, in this, to wit, that no such person as Harry Blue, by whom the said affidavit purports to have been signed and sworn to, existed at the time said affidavit was signed and sworn to, or now exists, but, as these defendants are informed and believe, the same was signed and sworn to by one Henry Little, under the false and fictitious name of Harry Blue."

A plea of abatement requires the highest degree of certainty. 1 Bishop Crim. Proc. 745. In *Ward* v. *State,* 48 Ind. 289, it was said: "Answers in abatement are not favored in law. They must allege every fact necessary to their sufficiency. No presumptions of law or fact are allowed in their favor." If the plea before us is wanting in any material particular, it must be held bad. It will be observed

that the plea alleges that an affidavit was made, so that there is no question as to the existence of an affidavit subscribed and sworn to by a real person. It is, however, averred that he signed a fictitious name, and it is claimed that this renders the affidavit insufficient. We think this position untenable. For aught that appears the name signed may have been that by which the affiant was commonly known, although his true and legal name may have been Little. Where the person is clearly identified, and it appears that there was an actual signing and verification, the affidavit should be upheld unless the plea affirmatively shows that the signing was by a name different from that by which the affiant was commonly known, or else shows that a fictitious name was used for a corrupt purpose. The object of the law is accomplished when an affidavit is actually made by a real person, and the name used is not material, provided it is one by which the affiant is commonly known, or is a name which supplies the means of identifying him. As presumptions are against, and not in favor of, such dilatory pleas as the one under immediate discussion, we must presume that, as the affidavit was signed and sworn to by a real person, the name used is one which identifies and designates the person by whom the affidavit was made.

The court erred in overruling the demurrer to the plea, and the judgment is reversed, at the costs of the appellees.

Filed April 18, 1884. Petition for a rehearing overruled June 21, 1884.