No. 12,466.

THE STATE *v.* COOPER ET AL.

CRIMINAL LAW.—*Motion for Discharge.*—*Bill of Exceptions.*—*Practice.*—*Supreme Court.*—A motion by a defendant to be discharged from custody, the affidavit supporting it, and the ruling of the court thereon, not being brought into the record by bill of exceptions or order of court, no question in relation thereto is presented for the decision of the Supreme Court.

SAME.— *When Bill of Exceptions not Necessary.*—It is only where all the essential facts, necessary to show the ground upon which a ruling of the trial court was made, appear upon the face of the legal record, that no bill of exceptions is required to present such ruling for review on appeal.

SAME.—*Copying Papers into Transcript.*—The mere copying of papers into the transcript by the clerk does not make them part of the record.

From the Sullivan Circuit Court.

*J. D. Alexander,* Prosecuting Attorney, *J. C. Briggs* and *W. C. Hultz,* for the State.

*J. T. Hays, H. J. Hays, W. S. Maple, A. A. Holmes* and *S. C. Coulson,* for appellees.

MITCHELL, C. J.—An information based upon the affidavit of Harry Blue, charging William Cooper and Perry Cooper with a conspiracy to commit a felony, was presented to the Sullivan Circuit Court at its June term, 1883. The defendants pleaded in abatement that no such person as Harry Blue, by whom the affidavit purported to be signed and sworn to, existed at the time it was made, but that the person who signed and swore to it was one Henry, *alias* Harry, Little. A demurrer was overruled to the plea, and the State refusing to reply or plead further, it was ordered by the court that the defendants be discharged from custody, and that " they go hence without day." Thereupon the State appealed to this court, and the order of the circuit court was reversed. *State v. Cooper,* 96 Ind. 331.

After the reversal the defendants were, upon the motion of the prosecuting attorney, arrested upon a bench-warrant, and

required to enter into recognizance for their appearance from time to time until the case should be disposed of. The case was continued from one term to another upon the application of the State, until the 7th day of April, 1885, when the defendants filed a written motion, supported by affidavit, asking that they be discharged from custody. This motion was sustained by the court, and the ruling excepted to. Thereupon it was again ordered that the defendants be discharged. This order was excepted to, and the State again brings the record here on appeal.

The error assigned and insisted upon is, that "the court erred in discharging the defendants over the objection of the appellant." ·

Counsel for appellees contend that because the motion upon which the court ordered the discharge, and the affidavit supporting it, and the ruling of the court thereon, are not brought into the record by bill of exceptions or by order of the court, no question is presented for decision. The contention of appellant is that the error alleged is apparent upon the face of the record, and that no bill of exceptions was necessary. It is true that where all the essential facts necessary to show the ground upon which a ruling of the trial court was made appear upon the face of the record, no bill of exceptions is required to present such ruling for review upon appeal. Accordingly, in *Doctor* v. *Hartman,* 74 Ind. 221, it was held that the ruling of the court on a motion to dismiss a cause for want of jurisdiction, where the want of jurisdiction was apparent on the face of the record, was presented without a bill of exceptions. This rule can only be applied to cases where the error, if error occurred, is apparent upon looking at what properly belongs to the record. In speaking of matters which appear on the record, only such things are meant as pertain to the legal record. *Scotten* v. *Divilbiss,* 60 Ind. 37; *Lippman* v. *City of South Bend,* 84 Ind. 276; *Hancock* v. *Fleming,* 85 Ind. 571.

A motion by a defendant to be discharged from custody

The State *v.* Cooper *et al.*

need not be in writing, and if in writing it is not required to state the reasons upon which the discharge is asked. The motion may be based upon matter lying entirely outside of the record. It may be supported by affidavits, or records,. or other evidence *aliunde,* in which case neither the motion, affidavits, records or other evidence, nor the ruling thereon, are legally a part of the record, unless made so by order of the court, or by bill of exceptions. In the case before us, a written motion appears to have been filed, which is supported by an affidavit which embodies other records. These are all copied into the transcript by the clerk, but, as has been repeatedly held, this does not make them part of the record unless they receive the sanction of the court by being embodied in a bill of exceptions in the manner provided by law. With these eliminated, it would not be contended that the error was apparent upon the face of the record. To all intents and for all purposes they are out of the record.

In the case of *Beard* v. *State,* 57 Ind. 8, the defendant moved to dismiss the proceedings and to be discharged from custody. The motion was overruled, and in delivering the judgment of this court, on defendant's appeal, HOWK, J., said: "Appellant's motion to dismiss the proceedings in this cause, and for his discharge from the custody of the sheriff, the decision of the court below thereon, and appellant's exception to such decision, were not made a part of the record by a proper bill of exceptions. The second alleged error, complained of by appellant, is not apparent, therefore, in the record of this cause, and no question is thereby presented for our consideration." We see no reason why the settled rule, applied in the foregoing case against the defendant, should not be equally applicable to the State.

We may with propriety say, that if no other reasons than those set out in the motion which the clerk has copied into the transcript, appeared to the court below, it can hardly be said that any ground was shown justifying the defendant's discharge, but as we are bound to presume that the ruling of

the court was right, in the absence of a bill of exceptions showing anything to the contrary, we can do nothing except to affirm its judgment, and accordingly the judgment is affirmed.

Filed Sept. 18, 1885.