No. 17,497.

Russ v. Russ et al.

APPELLATE PROCEDURE.—*Motion to Modify Judgment, Ruling, Exception.—When Not Properly in Record.*—A motion to modify a judgment, the ruling thereon, and the exception thereto are not properly brought into the record on appeal under section 662, R. S. 1894, providing that papers relating to collateral matters may be made part of the record by order of the court; by an entry upon the transcript immediately following a purported copy of the motion: "And the court, having heard said motion, overrules the same, to which ruling the defendant at the time excepts, and the same is now ordered to be made a part of the record "—as it is not clear whether it was the motion, the ruling thereon, or the exception, or all of them, that was attempted to be included.

From the St. Joseph Circuit Court.

*A. L. Brick* and *J. W. Talbot*, for appellant.

*Anderson* and *Du Shane*, for appellees.

McCABE, J.—The appellees sued the appellant in the St. Joseph Circuit Court, to enjoin him from wrongfully using a trade-mark and trade names belonging to the appellees by purchase from the former firm of S. A. Russ Co., known as S. A. Russ' Bleaching Blue, and to recover damages for such wrongful use. The issues

joined were tried by the court, resulting in a general finding, judgment for $300.00 and a perpetual injunction pursuant to the prayer of the complaint over appellant's motion for a new trial and to modify the decree of injunction. Error is assigned on the action of the court in overruling the motion for a new trial, in overruling the motion to modify and in rendering judgment against the appellant.

The only one of these alleged errors discussed in the brief of appellant's counsel, is that overruling the appellant's motion to modify the decree. The other assignments are therefore deemed waived.

The motion to modify was not made a part of the record by a bill of exceptions, but an attempt was made to make it a part of the record by an order of court. Collateral motions, together with the action of the court thereon and exception thereto, must be made a part of the record by bill of exceptions or special order of court. *Greensburg, etc., Turnp. Co.* v. *Sidener*, 40 Ind. 424; *Scotten* v. *Divilbiss*, 60 Ind. 37; *Boil* v. *Simms*, 60 Ind. 162; *School Town* v. *Gebhart*, 61 Ind. 187; *Myers* v. *Conway*, 62 Ind. 474; *Merritt* v. *Cobb*, 17 Ind. 314; *Board, etc.*, v. *Montgomery*, 109 Ind. 69. Where the record does not otherwise show the decision or the grounds of objection thereto, the matter should be brought into the record by bill of exceptions or order of court. *Reddinbo* v. *Fretz*, 99 Ind. 458; *State* v. *Cooper*, 103 Ind. 75. Unless a motion to dismiss an appeal from a board of county commissioners is incorporated in a bill of exceptions, no question of the trial court's ruling thereon is presented on appeal to this court. *McCoy* v. *Able*, 131 Ind. 417. A motion to make a complaint more specific, it has been held, is not a part of the record unless brought into such record by a bill of exceptions. *Line* v. *State, ex rel.*, 131 Ind.

468. To like effect are : *Thiebaud* v. *Tait*, 138 Ind. 238, and Elliott App. Proced., sections 190, 191, 192. Objections to the form of the decree or judgment such as that urged here, must be taken in the trial court by motion to modify, or they are unavailable. *Hormann* v. *Hartmets*, 128 Ind. 353 ; *Ludlow* v. *Walker*, 67 Ind. 353 ; *Merritt* v. *Pearson*, 76 Ind. 44 ; *Scotton* v. *Mann*, 89 Ind. 404 ; *Stout* v. *Curry*, 110 Ind. 514 ; *Benefiel* v. *Aughe*, 93 Ind. 401 ; *City of Greenfield* v. *State, ex rel.*, 113 Ind. 597 ; *Buchanan* v. *Berkshire, etc., Ins. Co.*, 96 Ind. 510 ; *Mansfield* v. *Shipp*, 128 Ind. 55 ; *Tewksbury* v. *Howard*, 138 Ind. 103.

An objection to the form of the judgment, by means of a motion to modify the same, must point out the particulars in which the judgment is supposed to be wrong in form, and specify the particular change or modification that is desired by the mover.   These matters and the action of the court on the motion—especially if the motion is overruled as was the case here, and the exceptions thereto—are not a part of the record unless made so by bill of exceptions or order of court.   *Benefiel* v. *Aughe, supra.*

The civil code provides that  "All proper entries made by the clerk, and all papers pertaining to a cause, and filed therein (except a summons for the defendant, where all persons named in it have appeared to the action, and summons for witnesses, * * and other papers which are used as mere evidence), are to be deemed parts of the record ; but a transcript of motions, affidavits and other papers, when they relate to collateral matters, and depositions and papers filed as mere evidence shall not be certified unless made a part of the record by exception or order of court and directed to be certified by the appellant. * * * Every paper and pleading above excepted may

be made part of the record by exceptions or order of the court, on motion." (R. S. 1881, section 650; R. S. 1894, section 662.)

What purports to be the motion to modify in this case is copied into the transcript immediately following the judgment and decree, and immediately following the motion is the following entry: "And the court having heard said motion overrules the same, to which ruling of the court, the defendant at the time excepts and the same is now ordered to be made a part of the record."

The provision in the section quoted authorizing extrinsic matter to be made a part of the record by order of court is confined exclusively to papers and documents. The order is too indefinite. The motion, the ruling thereon and the exception thereto had all preceded the order, and it says the same is ordered to be made a part of the record.

Such an order ought to designate and point out with reasonable certainty the extrinsic matters it seeks to make a part of the record. It ought not to be left to inference, speculation or surmise what matters are thus made a part of the record; whether the motion, the ruling thereon, or the exception, or all of them were made a part of the record, is left to conjecture or surmise.

The motion, ruling thereon, and exception thereto not being a part of the record, the judgment is affirmed.

HOWARD, J., took no part in this decision.

Filed November 6, 1895.