# CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. HARVEY.

[No. 6,645. Filed January 7, 1910.]

1. CARRIERS.—*Railroads.*—*Stations.*—*Failure to Light.*—*Complaint.*—A complaint alleging that defendant railroad company negligently failed to light the platform in front of its station, by reason whereof the plaintiff in attempting to reach the train stumbled against the raised end of such platform, to her injury, states a cause of action. p. 154.

2. TRIAL.—*General Verdict.*—*Interrogatories.*—A general verdict for the plaintiff is a finding in plaintiff's favor upon all of the issues, and answers to the interrogatories to the jury control the general verdict only when in irreconcilable conflict therewith. p. 155.

3. TRIAL.—*Verdict.*—*Interrogatories.*—*Conflict.*—*How Determined.*—In determining whether there is a conflict between the general verdict and answers to the interrogatories to the jury, only the pleadings, general verdict and such answers will be considered. p. 156.

4. CARRIERS.—*Railroads.*—*Lighting Platform.*—*Verdict.*—*Interrogatories.*—*Conflict.*—Where the complaint alleged that the raised end of defendant railroad company's platform was "wholly unlighted and in total darkness," answers to interrogatories that the depot was lighted with four lamps which "threw a profuse light out the windows," are not in irreconcilable conflict with a general verdict for the plaintiff. p. 156.

5. CARRIERS.—*Railroads.*—*Lighting Stations.*—*Question for Jury.*—A railroad company which sells round-trip tickets to a small flag station is required to know that there will probably be passengers there, and is, therefore, required to light its platform for a reasonable time before the arrival of its train, the reasonableness of such time being a question for the jury. p. 156.

6. APPEAL.—*Absence of Evidence.*—*Instructions.*—*Presumptions.*—In the absence of the evidence, the presumption, on appeal, is that instructions refused were not applicable thereto. p. 157.

From Wayne Circuit Court; *Henry C. Fox,* Judge.

Action by Sarah M. Harvey against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Forkner & Forkner,* for appellant.

*Clay C. Hunt, Jackson & Hunter* and *Robbins, Starr & Robbins,* for appellee.

WATSON, J.—This action was brought by the appellee to recover damages for personal injuries alleged to have been received by her in falling upon the depot platform of the appellant at Mooreland, Indiana. The cause was tried upon the second paragraph of the complaint. The appellant, in its brief, says of the complaint: "The complaint, after stating the essential, prefatory facts, avers the alleged negligence of the defendant in the following terms: 'The plaintiff says the night was dark, and that said defendant had carelessly and negligently failed to provide, or cause to be provided, any artificial light of any kind to illuminate said grounds or way or said platform, and the raised end of said platform and said ground and said way were wholly unlighted and in total darkness, and that by reason thereof she was unable to see them and wholly unable to see the obstruction formed by said end of said platform raised as aforesaid, and she says she passed slowly and carefully over said ground and way, and while so walking along and over the same she came in contact with said raised end of said platform, and was thereby caused to trip, stumble and fall with great force and violence upon and against said platform, whereby and by reason whereof she avers that she then and there sustained and received a great, serious, severe and permanent wound and injury to her leg and knee.' "

The complaint also alleges that appellee resided in New Castle; that, on the day she received the injury, she and a party of friends went to the town of Mooreland over defendant's line of railway, for the purpose of attending church services; that she did attend church in Mooreland on the evening of the accident, and after the services were over she and her party of friends went to the defendant's

depot for the purpose of returning to New Castle; that she was unfamiliar with the depot, its approaches and surroundings; that on the night of January 16, 1906, there was a regular passenger-train of the defendant's line scheduled to leave the depot of defendant at Mooreland at 10:26 o'clock p. m., and that said train did leave at said time on said night; that she had in the afternoon of said day purchased a round-trip ticket from New Castle to Mooreland, which entitled her to ride as a passenger on said train. No demurrer was addressed to this paragraph of complaint, nor was there any assignment of error challenging its sufficiency. The complaint contains sufficient averments to state a cause of action as required under the statutes.

The appellant has assigned three errors, upon which it says this judgment should be reversed, but its brief contains the following: "Upon the record, we present but two questions. (1) Did the court err in overruling the motion for judgment upon the answers to the interrogatories, notwithstanding the general verdict? (2) Did the court err in refusing to give the instructions before set forth?"

The jury returned a general verdict for $650 in favor of the appellee. By this general verdict every material fact legitimately provable under the issues is found in support of the verdict in favor of the appellee. The answers to the interrogatories will only overthrow the general verdict when they are so antagonistic to each other that both cannot stand. *Keeley Brewing Co.* v. *Parnin* (1895), 13 Ind. App. 588; *Union Traction Co.* v. *Barnett* (1903), 31 Ind. App. 467; *Ohio, etc., R. Co.* v. *Trowbridge* (1890), 126 Ind. 391; *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 663; *Citizens St. R. Co.* v. *Batley* (1902), 159 Ind. 368; *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335, 5 L. R. A. (N. S.) 425.

In determining whether the general verdict shall be overthrown by the answers to the interrogatories, we consider

only the pleadings, general verdict and such answers. It is alleged that "the raised end of said platform and said ground and said way were wholly unlighted and in total darkness." The general verdict determined this, as well as every other question essential to appellee's right to recover, in her favor. The jury returned with the general verdict eighty-eight interrogatories with answers thereto. They stated the platform to be 144 feet long and 12 feet wide; that the depot was lighted by four lamps, which "threw a profuse light out the windows," but this does not find that the platform was lighted. Moreover, it is charged, and so found by the general verdict, that at the point where the accident occurred the platform was "wholly unlighted and in total darkness." No such antagonism exists between the answers to the interrogatories and the general verdict as to warrant the overthrow of the latter.

The jury found by interrogatory sixty-two that, prior to the accident, the defendant operated a through train scheduled to pass the town of Mooreland at 10:26 o'clock p. m. They also found, by interrogatory sixty-three, that this train was stopped at Mooreland on flag only. It is contended by the appellant that, inasmuch as this train was stopped upon flag only, it was not required to provide lights in the depot and on the platform. The jury found that the appellee purchased a round-trip ticket between New Castle and Mooreland; that at the time of the accident the depot was lighted with four lamps, but on ordinary occasions the appellant closed its depot at said station at Mooreland after the local train passed, about 8 o'clock p. m., so that the appellant must have known there would be passengers for this train. It was therefore its duty to have the platform lighted, as well as the depot, for a reasonable time before the arrival of the train. What constitutes a reasonable time, during which the premises should be lighted, is determined by the circumstances of each particular case. It was said in

the case of *Abbot* v. *Oregon R., etc., Co.* (1905), 46 Ore. 549, 80 Pac. 1012, 1 L. R. A. (N. S.) 851, 114 Am. St. 885: "Whether or not such period of time next prior to the arrival of a train is reasonable during which the Oregon Railroad & Navigation Company should have kept its depot platform lighted at a station where its night passenger-trains were not scheduled to stop, is not now necessary to inquire, for that was a question exclusively for the jury to determine."

The law imposes a duty on a railroad company, engaged in carrying passengers for hire, to exercise reasonable care in keeping its platforms, approaches thereto, and station grounds properly lighted at nighttime for the safety of its passengers going upon them for the purpose of taking passage on its trains, or for the safety of passengers who alight from trains, for a reasonable time prior to the arrival and following the departure of trains stopping to take on or discharge passengers. 3 Thompson, Negligence (2d ed.), §2691; 4 Elliott, Railroads (2d ed.), §1641; *Louisville, etc., R. Co.* v. *Lucas* (1889), 119 Ind. 583, 6 L. R. A. 193; *Ohio, etc., R. Co.* v. *Stansberry* (1892), 132 Ind. 533; *Louisville, etc., R. Co.* v. *Treadway* (1896), 143 Ind. 689; *Draper* v. *Evansville, etc., R. Co.* (1905), 165 Ind. 117; *Abbot* v. *Oregon R., etc., Co., supra.*

The second error relied upon by appellant for the reversal of this cause is the refusal of the court to give instructions two and one-half and four, tendered by appellant.

6. The appellant did not bring the evidence up in this appeal, and unless it is in the record on appeal it will be presumed that the instructions refused were properly refused, the presumption being that they were not applicable to the cause made out by the evidence. *Patchell* v. *Jaqua* (1893), 6 Ind. App. 70; *Fifth Ave. Sav. Bank* v. *Cooper* (1898), 19 Ind. App. 13; *Holland* v. *State* (1892), 131 Ind.

568; *Jenkins* v. *Wilson* (1895), 140 Ind. 544; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467.

We find no reversible error. The judgment is, therefore, affirmed.