PATTERSON, ADMINISTRATRIX, *v.* STATE BANK OF CHRISMAN.

[No. 8,621.   Filed October 14, 1913.   Rehearing denied January 8, 1914.]

1. CONTRACTS.—*Construction.*—As a rule, where the terms of a contract are of doubtful or ambiguous meaning, the construction given and acted upon by the parties themselves in respect to same, will be adhered to by the court. p. 335.

2. APPEAL.—*Review.*—*Motion for Judgment on Answers to Interrogatories.*—In reviewing the ruling on a motion for judgment upon answers to interrogatories, the court considers only the pleadings, interrogatories and answers, and the general verdict. p. 336.

3. TRIAL.—*Verdict.*—*Scope.*—*Answers to Interrogatories.*—A general verdict for plaintiff determines all the material allegations

of the complaint in favor of the pleader, and carries with it every presumption and inference of fact which might have been drawn from evidence properly admissible under the issues, and it is overcome by answers to interrogatories only when they are in such irreconcilable conflict with it that both cannot stand. p. 336.

4. CONTRACTS.—*Construction.*—*Authority to Sign Note.*—In an action on notes signed in the names of defendant's intestate, his son and his son's partner, where plaintiff claimed that the son was authorized to affix intestate's name to the notes by virtue of a writing providing that intestate, his son and his son's partner would stand together in support of the firm and that "we grant the right of our names to be used jointly and to be signed by either one" of the parties, answers by the jury to interrogatories that intestate authorized the signing of his name to the notes in suit and that his name was signed by his son, show that the parties themselves construed the writing to mean that intestate's son had authority to sign his father's name to such notes. p. 337.

5. APPEAL.—*Review.*—*Verdict.*—*Evidence.*—*Sufficiency.*—In an action on a claim against an estate, where there was evidence to sustain every material allegation of the claim, the evidence was sufficient to support the verdict for claimant. p. 337.

6. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.*—Although as a rule communications between a husband and wife are privileged, the action of the court in permitting the widow of an intestate to testify to some conversation with her husband with respect to his interest in a store operated in the names of intestate's son and another, whose names, with that of intestate, appeared upon the notes sued on, for the purpose of showing that intestate was principal and not surety on the notes in question, was neither harmful as to that issue where the finding was that intestate was merely surety, nor as to the principal issue involving the question of the authority of intestate's son to affix his father's name to the notes, where it appears that the verdict was in no way influenced thereby. p. 337.

7. TRIAL.—*Province of Court and Jury.*—*Construction of Instruments.*—That the construction of a written instrument was a question of law for the court did not render its admission in evidence erroneous, since such admission in no way affected the duty of the court to construe and give legal effect to the instrument. p. 338.

8. EXECUTORS AND ADMINISTRATORS.—*Claims.*—*Contracts of Suretyship.*—*Statutes.*—The wisdom of the provisions of §2831 Burns 1908, §2313 R. S. 1881, providing that before an estate of a decedent may be resorted to to coerce the payment of a note upon which he is surety, it must be shown that the principal is insolvent, or is a nonresident of the State, is purely a legislative ques-

tion, and the courts cannot disregard its plain provisions, even where the note sought to be enforced was executed in another state by nonresidents of this State and payable to a nonresident who seeks its enforcement.  p. 338.

9.  PRINCIPAL AND SURETY. — Actions Against Surety. — Laches. — Where notes held by a bank upon which a decedent was surety became due in April and May following the death of decedent in November. and active efforts for the collection of the notes began early in the year succeeding the year of their maturity, and prior to the institution of suit thereon various deposits were made in plaintiff bank to the credit of the principals thereon, the delay in suing together wth plaintiff's failure to apply such deposits to the payment of the notes did not constitute laches preventing a recovery against the surety's estate.  p. 338.

10.  BANKS AND BANKING.—Deposits.—Application on Debts Due Bank.—While a bank may have the right to apply deposits towards the discharge of a debt due it from the depositor, it is not obliged to do so.  p. 339.

11.  EQUITY.—"Laches".—Laches is defined to be "such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim and declined to assert his right", and the question of what amounts to laches in a given case is for the sound discretion of the court, dependent upon the particular facts and circumstances.  p. 339.

12.  APPEAL.— Questions Reviewable.— Instructions.—Record.—The writing of the words "refused and excepted to" at the end of instructions requested and refused by the court, followed by the signature of the attorneys reserving the exceptions and the date, and the words "given and excepted to", together with like signature and date, at the close of instructions given, did not serve to bring the instructions into the record either under §660 Burns 1908, §629 R. S. 1881, or under §§558, 559, 560 Burns 1908, §§533, 534, 535 R. S. 1881, and, in the absence of proper authentication by the signature of the judge, they were not in the record under §561 Burns 1908, Acts 1907 p. 652, nor could they be considered for the further reason that the record disclosed no order book entry or order of the court showing the filing of the instructions in accordance with §691 Burns 1908, §650 R. S. 1881.  p. 339.

From Madison Circuit Court; Charles K. Bagot, Judge.

Action by the State Bank of Chrisman against the estate of Silas M. Busby, deceased, and from a judgment for plaintiff, the administratrix appeals.  Affirmed.

Sparks L. Brooks and Kittinger & Diven, for appellant.
W. S. Ellis and Alfred Ellison, for appellee.

SHEA, J.—This action was brought by appellee against the estate of Silas M. Busby, deceased, upon two promissory notes alleged to have been executed by Leonidas F. Busby, Bloomer W. James and Silas M. Busby, under the names and styles of L. F. Busby, B. W. James and S. M. Busby, and filed with the clerk of the Madison Circuit Court as a claim against said estate. Appellee's amended claim not being allowed or disallowed by the administratrix, Lillie Patterson, within sixty days, the same was entered upon the court's claim docket for trial. Appellant's demurrer thereto was overruled. The issues formed were tried by court and jury, resulting in a verdict and judgment for appellee.

With its general verdict, the jury returned answers to eleven interrogatories. The overruling of appellant's motion for judgment in its favor upon the interrogatories and answers notwithstanding the general verdict, and the overruling of its motion for a new trial are the errors relied upon for a reversal of this cause.

The first note in suit reads as follows:

"Chrisman, Illinois, Oct. 15, 1908.

$1,000.00. Six months after date, we, or either of us, promise to pay to the order of The State Bank of Chrisman One Thousand and No/100 Dollars, payable at the office of said bank, in Chrisman, Illinois, for value received, with interest at the rate of seven per cent per annum after date until paid, and if not paid at maturity and put in an attorney's hands for collection, we agree to pay ten per cent attorney's fee on the amount due. The drawers and endorsers severally waive presentment, protest, and notice of protest of nonpayment of this note. L. F. Busby. B. W. James. S. M. Busby.

Due April 15, 1909."

The second note is an exact copy of the first except that it is for $3,000, dated November 18, 1908, and due May 18, 1909.

The facts as found by the jury in answer to interrogatories,

are substantially, that decedent, Silas M. Busby, in person, signed and executed the following instrument introduced in evidence, and designated as exhibit A:

> "We the undersigned do agree that we will stand together and support the firm of B. W. James and L. F. Busby and we grant the right of our names to be used jointly and to be signed by either one of the persons signed below.
> Dated Sep. 25, 1906.    B. W. James.    L. F. Busby. S. M. Busby."

That Silas M. Busby did not sign the notes in suit, but by written agreement authorized B. W. James and L. F. Busby to do so, and his name was signed thereto by L. F. Busby; that B. W. James and L. F. Busby were principals on said notes and S. M. Busby was surety; that claimant had knowledge that the name of Silas M. Busby was signed to the notes in suit as surety by his son, Leonidas F. Busby; that both B. W. James and L. F. Busby are nonresidents of the State of Indiana.

It is urged by appellant that the written instrument above set out, did not authorize L. F. Busby to sign the name of Silas M. Busby to the negotiable instruments in question. Appellant states his case upon this point briefly as follows: "L. F. Busby signed the name of S. M. Busby to these notes and his only authority to do so was derived from this written agreement known as exhibit A. That the claimant knew that he signed the name to the notes and would thereby be bound by the limitations upon his authority. Now, since this agreement cannot, under any fair construction, be construed to authorize the execution of the notes in suit, it follows that the claimant has no cause of action against appellant and that there can be no recovery herein." The written instrument in question is not certain in its terms. It was evidently drawn by a layman, rather than dictated by a legal mind. Under numerous authorities, the

1. construction given and acted upon by the parties themselves in respect to such contract, will, as a gen-

eral proposition, be adhered to in this court. *Scott* v. *Lafayette Gas Co.* (1908), 42 Ind. App. 614, 620, 86 N. E. 495; *Ralya* v. *Atkins & Co.* (1901), 157 Ind. 331, 61 N. E. 726; *Frazier* v. *Myers* (1892), 132 Ind. 71, 31 N. E. 536, and authorities cited; *Louisville, etc., R. Co.* v. *Reynolds* (1889), 118 Ind. 170, 20 N. E. 711. In the case of *Indiana, etc., Oil Co.* v. *Stewart* (1910), 45 Ind. App. 554, 90 N. E. 384, the court says: "The rule is that where a contract is ambiguous, the situation of the parties and the facts and circumstances may be considered in determining the actual intent and meaning of the parties, as expressed by the language used. The contract as made is the one to be enforced. [Citing authorities.] It is also true 'that when the terms of a contract are of doubtful or ambiguous meaning, the construction placed on same by the parties, by their conduct and acts, may be shown for the purpose of arriving at their true intention. The construction placed on such a contract by the parties is entitled to great weight and may be controlling. * * *' [Citing authorities.]"

In passing upon the correctness of a ruling on a motion for judgment upon the interrogatories and answers thereto, notwithstanding the general verdict, our investiga-

2. tion is confined to the pleadings, interrogatories and answers, and the general verdict. The general verdict determines all the material allegations of the

3. complaint in favor of the pleader, and carries with it every presumption and inference of fact which might have been drawn from evidence properly admitted under the issues. The answers to interrogatories overcome the general verdict only when they are in such irreconcilable conflict therewith that both can not stand. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235; *Chicago, etc., R. Co.* v. *Fretz* (1910), 173 Ind. 519, 528, 90 N. E. 76; *Cleveland, etc., R. Co.* v. *Harvey* (1910), 45 Ind. App. 153, 90 N. E. 318; *City of Jeffersonville* v. *Gray* (1905), 165 Ind. 26, 74 N. E. 611.

We think we need not go beyond the interrogatories themselves to determine the construction given to the agreement by the parties. Interrogatories Nos. 4 and 5 find expressly that Silas M. Busby authorized B. W. James and L. F. Busby to sign his name to the particular notes sued on in this case. Interrogatory No. 6 finds that L. F. Busby signed the name of Silas M. Busby to the notes in question, so we think the very able argument of appellant's learned counsel with respect to the construction of written instruments, and the application of legal principles thereto, while stating the law correctly, has no application to the facts in this case. The parties themselves construed the writing to mean that L. F. Busby had authority to sign the name of S. M. Busby to these notes.

Under the second error assigned, appellant argues that the evidence does not sustain the verdict. We have examined the evidence with some care, and feel that there was evidence heard by the jury which would sustain every material allegation contained in the amended claim, and was therefore sufficient.

It is next insisted that the court erred in admitting and excluding certain evidence. Mrs. Busby, wife of decedent, was permitted to testify with regard to some conversation with her husband with respect to his interest in the store in question. Communications between husband and wife are as a rule privileged. It is insisted on behalf of appellee that this evidence was admitted for the purpose of showing that decedent was principal and not surety on the note in question. Upon this issue, the finding of the jury was that S. M. Busby was surety, so that no harm resulted. The principal issue in the case was as to whether S. M. Busby executed a certain written instrument in the record as exhibit A, and as to whether such instrument, if so executed, authorized L. F. Busby to sign his name to the notes in suit. As to that issue, we think

the evidence was of such slight consequence as not to have influenced the verdict in any way, and therefore if the admission of this evidence could be held to be error, it was harmless. *Robbins* v. *Masteller* (1897), 147 Ind. 122, 46 N. E. 330; *Halstead* v. *Vandalia R. Co.* (1911), 48 Ind. App. 96, 103, 95 N. E. 439.

It is also urged that the court erred in admitting the written instrument exhibit A in evidence, for the reason that the construction of this instrument was a question of law for the trial court. We think that no error was committed in this, as the mere admission of the instrument in evidence in no sense affected the duty of the court to construe and give legal effect to the instrument.

No error was committed in the admission of the evidence of C. W. Newkirk, or the refusal to permit Lillie Patterson to testify as to her knowledge of the claim.

Section 2831 Burns 1908, §2313 R. S. 1881, provides that before the estate of a decedent may be resorted to, to coerce the payment of a note upon which he is surety, it must be shown that the principal was insolvent, or was a nonresident of the state. There is no dispute that B. W. James and L. F. Busby were at all times while the action was pending, nonresidents of the State of Indiana. While this provision of the statute is severely criticised by appellant's learned counsel, and this court is not prepared to say there is not some merit in the criticism, it is purely a legislative question. This court can not disregard the plain provisions of the statute.

There is also an earnest argument made that appellee was guilty of such laches as ought to prevent a recovery. The notes were executed in October and November of 1908, and Silas M. Busby died on November 26, 1908, a short time thereafter. The notes became due in April and May, 1909. Active efforts began for the collection of the notes early in 1910. During the period between

the death of Silas M. Busby and the institution of suit to collect the notes, various deposits were made in appellee bank to the credit of the firm of B. W. James and L. F. Busby. It is complained that these deposits should have been applied to discharge the debt evidenced by the notes. While it may be true that the bank had a right to apply the deposits so made toward the discharge of this debt, it was not obliged to do so. The evidence in this case does not convince the court that appellee was guilty of laches by its failure to apply such credits. Laches is defined to be "such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim and declined to assert his right." Anderson, Law Dict. See, also, *Wissler* v. *Crain* (1885), 80 Va. 22, 30. "What would be laches in one case, might not constitute such in another. The question is one addressed to the sound discretion of the court, depending upon all the facts of the particular case." 5 Words and Phrases. See, also, *The Queen of the Pacific* (1894), 61 Fed. 213, 216. In the case of *Wood* v. *State, ex rel.* (1900), 155 Ind. 1, 55 N. E. 959, which was a suit to compel by mandate payment of a certain sum of money out of a particular fund, it is held that the mere delay for the time mentioned (sixteen months) can not be considered unreasonable or laches of such a character as will alone defeat an action.

Error is also predicated on the action of the court in giving and refusing to give certain instructions. It is earnestly insisted by appellee that such error can not be considered, for the reason that the instructions are not in the record. At the end of instructions Nos. 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15 and 16 tendered by appellant and refused by the court, this notation is found: "Refused and excepted to, Sparks L. Brooks, Kittinger & Diven, attorneys for defendant, Nov. 30th, 1910." Of those given by the court, at the close of Nos. 6, 7, 8, 9, 10, 11, 15, 16 and 18, this notation appears: "Given and

excepted to, Kittinger & Diven, S. L. Brooks, attys. for defendant, Nov. 30th, 1910." It is clear that the instructions are not brought into the record by a bill of exceptions as provided by §660 Burns 1908, §629 R. S. 1881. They are not made a part of the record in accordance with the provisions of §§558, 559, 560 Burns 1908, §§533, 534, 535 R. S. 1881. *Petrie* v. *Ludwig* (1908), 41 Ind. App. 310, 83 N. E. 770; *Malott* v. *Hawkins* (1902), 159 Ind. 127, 138, 63 N. E. 308; *Oglebay* v. *Tippecanoe Loan, etc., Co.* (1908), 41 Ind. App. 481, 82 N. E. 494. They are not properly in the record under the provisions of §561 Burns 1908, Acts 1907 p. 652, because they are not authenticated by the signature of the judge as required by the provisions of this section. *Strong* v. *Ross* (1905), 36 Ind. App. 174, 75 N. E. 291; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485; *Wiseman* v. *Gouldsberry* (1910), 45 Ind. App. 677, 91 N. E. 616; *Fowler* v. *Fort Wayne, etc., Traction Co.* (1910), 45 Ind. App. 441, 91 N. E. 47; *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966; *Newsom* v. *Chicago, etc., R. Co.* (1913), 52 Ind. App. 577, 101 N. E. 26.

It has been repeatedly held by both this court and the Supreme Court that the record must disclose an order book entry showing the filing of instructions. After a diligent search of the record in this case we are unable to find any order book entry or order of court showing the filing of instructions in accordance with §691 Burns 1908, §650 R. S. 1881. *Tell City Canning Co.* v. *Wilbur* (1910), 46 Ind. App. 550, 93 N. E. 174; *Close* v. *Pittsburgh, etc., R. Co.* (1898), 150 Ind. 560, 50 N. E. 560; *Russ* v. *Russ* (1895), 142 Ind. 471, 474, 41 N. E. 941; *Board, etc.* v. *Gibson* (1902), 158 Ind. 471, 63 N. E. 982; *Newsom* v. *Chicago, etc., R. Co.*, *supra.* So it appears that appellant has not come strictly within the provisions of any section of the statute in incorporating the instructions in the record.

There being no error in this case, the judgment is affirmed.

NOTE.—Reported in 102 N. E. 880. As to privileged communications between husband and wife, see 29 Am. St. 411; 106 Am. St. 763. See, also, under (1) 9 Cyc. 588; (2) 38 Cyc. 1930; (3) 38 Cyc. 1869, 1929; (5) 3 Cyc. 348; (6) 38 Cyc. 1435; (7) 38 Cyc. 1522; (8) 36 Cyc. 1103; (9) 32 Cyc. 228; (10) 5 Cyc. 554; (11) 16 Cyc. 152; (12) 38 Cyc. 1769.