Metropolitan Life Insurance Company *v.* Wathen, Guardian.

[No. 9,936.   Filed October 9, 1919.]

1. Trial.—*General Verdict.*—*Scope and Effect.*—A general verdict for plaintiff is a finding in plaintiff's favor of every material fact legitimately provable under the issues.  p. 149.

2. Insurance.—*Life Insurance.*—*Action on Policy.*—*Representations by Insured on Application.*—*Insurer's Knowledge.*—*Evidence.*—In an action on a policy of life insurance, defended on the ground that insured was a habitual drunkard at the time he applied for the insurance, evidence *held* to warrant the jury in finding that the insurer had knowledge of insured's condition. p. 149.

3. Insurance.—*Life Insurance.*—*Action on Policy.*—*Representations in Application.*—*When Fraudulent.*—*Evidence.*—In an action on a life insurance policy, defended on the ground that insured was a habitual drunkard, evidence that insured was drunk when solicited for the insurance and that the soliciting

agent filled out the application and the check in payment of the premium, when considered in connection with undisputed facts relative to insured's habits as to the use of intoxicants, *held* sufficient to justify the jury's finding that insured's conduct in making false answers in his application as to the use of intoxicants and the condition of his health was not fraudulent. p. 150.

4. INSURANCE.—*Life Insurance.—Avoidance of Policy.—Representations in Application.*—Where the acts of insured, a habitual drunkard, in obtaining a policy of insurance were not fraudulent, and the insurer's agent had knowledge of the facts that otherwise would have avoided the policy, the representations of insured that he did not use alcoholic beverages to excess and had not been treated for illness in any hospital, etc., did not invalidate it. p. 150.

5. APPEAL.—*Review.—Harmless Error.—Refusal of Instructions.*— The refusal of tendered instructions relating to issues not involved in the cause was harmless. p. 150.

6. TRIAL.—*Refusal of Instructions Covered by Other Instructions.* —It is not error to refuse requested instructions, even though correct, where they are covered by others given. p. 150.

From Knox Circuit Court; *B. M. Willoughby,* Judge.

Action by Margaret W. Wathen, guardian of Herman W. Wathen, against the Metropolitan Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Clarence B. Kessinger* and *William H. Hill,* for appellant.

*S. M. Emison, LeRoy M. Wade* and *Arnold J. Padgett,* for appellee.

NICHOLS, P. J.—This action was in the Knox Circuit Court by the appellee against the appellant, upon a life insurance policy issued by the appellant on the life of William H. Wathen for $2,000, and payable to appellee's ward, Herman W. Wathen, as beneficiary. The issues were a complaint, answer of two paragraphs, and a reply in denial to the second paragraph of answer.

The case was submitted to a jury for trial, which returned a verdict for appellee. After motion for a new trial was overruled, the defendant appealed. The only error assigned in this court is the error of the court in overruling appellant's motion for a new trial, under which appellant contends that the court erred in refusing to give each of four instructions tendered by appellant, each of which said instructions present the question of whether there was a proper tender by appellant to appellee upon appellant's attempted rescission of the insurance contract. No other error is presented.

The policy sued upon contains the following provisions:

> "In consideration of the application for this policy a copy of which application is attached hereto and made a part hereof, and a payment of the annual premium of $68.25 receipt of which is hereby acknowledged said policy is issued." And "It is further declared and agreed that the foregoing statements and answers and also the statements and answers to the medical examiner are correct and wholly true and that they shall form the basis of the contract of insurance if one be issued."

In his application for insurance, the insured made answers to certain questions propounded to him in writing, to the effect that he had never been an inmate or visitor of an asylum, hospital, or sanitarium for treatment; that he had no medical attendant; that the services of a medical attendant had not been required for anything; that he had not been confined to the house by illness since childhood; that he had had no

148    APPELLATE COURT OF INDIANA,

Metropolitan Life Ins. Co. *v.* Wathen, Gdn.—71 Ind. App. 145.

illness since childhood; that he drank an occasional glass of whisky, but that he had never used alcoholic stimulants, wine, or malt liquor, or tobacco to excess. Appellant avers by its second paragraph of answer that these statements, and each of them, were false and fraudulent, and were known to be so by the insured at the time he made them, and when he signed his application and applied for the insurance; that he was not in good health at the time he made said application, but was at the time a habitual drunkard, and had been for more than three years; that he was at said time suffering from acute alcoholism and drank alcoholic liquors to excess; that he had been under the care of a physician and confined to his home at various times during the year preceding his application with sickness caused by his excessive use of intoxicating liquors; that during the year prior to his said application he was an inmate of St. Anthony's Hospital in the city of Terre Haute, Indiana, upon three different occasions, suffering from acute alcoholism, and was confined to his bed and under the care of physicians and nurses for more than two weeks at a time, and that, in fact, he died of acute alcoholism as a result of excessive use of intoxicating liquors, within one month and twenty days from the date of his said policy of insurance, in said St. Anthony's Hospital; that said appellant relied upon said statements in said insured's application and examination, and had no knowledge of their falsity at or before the delivery of the policy, and not until after the death of the insured. Then follow averments of an offer to return the premium to the appellee as soon as she was appointed guardian, and her refusal to accept, and the payment of the same into court for the use of appellee.

It appears by uncontradicted evidence, offered by both appellant and appellee, that prior to November 20, 1914, the date of the issue of the policy, the insured had been a habitual drunkard, and that within two years prior thereto he had been confined in hospitals and sanitariums fourteen times, suffering from acute alcoholism. On the day he made application for his insurance he had drunk between midnight and noon a quart of whisky, and then he left the house in a drunken condition. Going to a barber shop, he went in staggering, and while there the agent of the insurance company came in and solicited his insurance. When he finished shaving, he staggered over to a chair and sat down, where the insurance agent filled out his application, which he signed. He then produced a check book, in which the agent filled out the check for the amount of the premium, and he signed it. He went home drunk, and took a quart of whisky with him, and drank frequently during the night and the next morning, consuming the entire quart of whisky, and in the afternoon went to the appellant's medical examiner to be examined. Later he returned home in a drunken condition. These facts are not disputed by either party.

The jury returned a general verdict in favor of the appellee, and thereby found every material fact legitimately provable under the issues, in her favor. *Cleveland, etc., R. Co.* v. *Harvey* (1910), 45 Ind. App. 153, 90 N. E. 318; *Keesling* v. *Ryan* (1882), 84 Ind. 89. This included, in addition to the foregoing undisputed facts, the further fact, denied by appellant, that appellant's soliciting agent and medical examiner both knew of the drunken condition of the insured, that he

was afflicted with acute alcoholism, that he had been under the care of a physician, and that he had repeatedly been in a hospital for treatment. In view of the foregoing statement of surrounding circumstances, we must hold that the jury was fully justified in its findings as to appellant's knowledge. Further, the undisputed statement as to the drunken condition and habits of the insured, together with

3. the fact that the soliciting agent filled out the application and the check for the payment of the premium, justified the jury's finding that

4. the insured's conduct was not fraudulent. The acts of the insured not being fraudulent, and the company's agent having knowledge of the facts that otherwise would have avoided the policy, the representations of the insured did not invalidate it. *Home* v. *Provident Fund Society* (1893), 7 Ind. App. 587, 34 N. E. 830; *Traders Ins. Co.* v. *Cassel* (1900), 24 Ind. App. 238, 56 N. E. 259; *Supreme Tribe of Ben Hur* v. *Lennert* (1912), 178 Ind. 122, 98 N. E. 115; *Pickel* v. *Phoenix Ins. Co.* (1889), 119 Ind. 291, 21 N. E. 898; 25 Cyc 803.

Having reached the conclusion that the policy was valid, the question of rescission and tender is not involved, and error, if any, in refusing to give

5-6. the instructions tendered was harmless. Had they been correct statements of the law as applied to this case, they were substantially covered by the instructions given by the court.

The judgment is affirmed.