BROO *v.* DUNCAN ET AL.

[No. 14,974.  Filed November 24, 1933.]

*McClure & Elliott,* for appellant.

*Grover Bishop* and *Marshall, Hillis & Coffel,* for appellees.

Wood, P. J.—Lauretta Duncan, named as one of the appellees in this appeal, brought suit to partition real estate, making defendants thereto, all her co-appellees, except James L. Overson and David T. Harris. Judgment was rendered, awarding partition of the real estate, determining the respective interest of each of the parties therein, that it was indivisible and should be sold, and appointed appellee, James L. Overson, as commissioner, to make the sale, same to be made at private sale for not less than the full appraised value of the real estate, free from all liens except taxes for the year 1933, payable in the year 1934. The taxes for the year 1932, payable in the year 1933, in the sum of $69.90, were a lien on the real estate at the time the sale was ordered. At the sale, appellant bid the sum of $2,550 for the real estate, which was more than the full appraised value thereof; he also agreed to assume and pay the taxes for the year 1932, payable in the year 1933. Appellant paid

one-third of his bid of $2,550 in cash, and executed his two promissory notes in equal amounts for the balance of said bid as required by the order of sale. This bid, together with the agreement of appellant to pay the taxes, was reported to the court by the commissioner. Further proceedings were continued for thirty days. Within that time, and before the sale had been approved and confirmed by the court, the appellee, David T. Harris, as provided in sec. 1276, Burns 1926 (§1120, Baldwin's 1934), Acts 1919, p. 86, filed a bid for said real estate, in the office of the clerk of the circuit court, in the sum of $2,805, and he also agreed to assume and pay the taxes for the year 1932, payable in 1933. He also filed a bond in the sum of $3,367 which was approved by the court.

February 11, 1933, the commissioner filed a petition with the court, setting out the fact of the bid by Harris and asking what course to pursue. Hearing was had upon this petition, and the court ordered the sale continued, without readvertising or notice, for ten days from February 8, 1933. On February 18, 1933, appellant filed a petition to intervene; this was granted and he then filed what he designated as a motion to confirm the sale of the real estate to him, his contention therein being, that he bid the sum of $2,550 for the land and also agreed to pay the taxes for the year 1932, payable in the year 1933, in the sum of $69.90, his entire bid, thus totaling the sum of $2,619.90, and that therefore, the subsequent bid and bond of the appellee, Harris, were not in amounts sufficient to comply with the requirements of sec. 1276, *supra*. To this motion both the commissioner and Harris filed an answer in general denial. Each also filed a second separate paragraph of answer, setting out a history of the proceedings, substantially as heretofore related. February 23, 1933, after a hearing upon the issues as thus tendered, the

court overruled the motion of appellant for confirmation of the sale of the real estate to him, and on its own motion, set the sale aside and ordered the real estate readvertised for sale. Thereafter, appellant filed a motion to modify the order setting the sale aside. This motion was overruled. The record discloses that the appellant did not appeal from this ruling of the court and it will not be given further consideration.

Appellant did appeal from the action of the court in overruling his motion to confirm the sale of the real estate to him, and in setting aside said sale, assigning as error that: "The court erred in overruling appellant's motion for confirmation of the sale of real estate to him as reported by the commissioner of the court."

The right of appellant to intervene in this cause, and the method selected by him to assert and protect whatever rights he had as a bidder for the real estate, are not questioned by the appellees. Neither of the parties have called the court's attention to any precedent upholding such a proceeding, and after diligent search of the authorities, we have not been able to discover any.

We do think, however, that there is a precedent which warrants this court in entertaining this appeal, upon the theory that the order setting aside the sale was, as to appellant, a final judgment from which an appeal would lie. The case of *Hollett* v. *Evans* (1867), 28 Ind. 61, was a suit between appellants for partition of real estate. It was ordered sold and appellees were the bidders. They, without any notice to the appellants, and in their absence, filed exceptions to the confirmation of the sale. The commissioner and appellees (bidders) made issues, and, upon the trial thereof, the sale was set aside. The appellants appealed from this action of the court. Their right to appeal was questioned by a motion to dismiss. Elliott, C. J., disposed of the motion in the following language: "It is

contended that there was no final judgment, and that this appeal should therefore be dismissed. This is a mistake. The purchasers sought to set aside the contract of sale in this very novel method, and thereby relieve themselves of its obligations. They sought nothing more. As to them, the order was a final judgment, if valid at all. They had no further case in court, and they could not have any possible interest in the subsequent proceedings. Their exceptions must be regarded as a complaint against the parties in interest to rescind the contract, and the order setting aside the sale as a final judgment of rescission. True, their proceedings were irregular, and probably without precedent, but that was their own fault, and they can derive no advantage from it. An independent suit to annul the contract of purchase would be a proper method of obtaining the relief sought. This ought not to be injected into the partition suit, or sought to be made a part of it. We think that the appeal is well brought."

This brings us to a consideration of the appeal on its merits. The record shows that appellant made a bid of $2,550 for the real estate. In addition to this bid, he also agreed to assume and pay the taxes for the year 1932, payable in the year 1933, amounting to the sum of $69.90, which were a lien against the real estate. This was not in conformity with the order of the court, or any requirement thereof, but was a voluntary offer upon the part of the appellant. The order of the court provided that the real estate should be sold free from all liens except the taxes for the year 1933, payable in the year 1934. It did not authorize or contemplate a bid on terms and conditions not expressed in the order of sale, and appellant could not, without an order of court, ingraft any such binding conditions on his bid. Furthermore, the appellant himself treated $2,550 as the amount of his bid, for when he sought to

determine the amount of cash payment he was to make, and the amount of the two notes he was to execute for the purpose of complying with the terms of the sale, he used the sum $2,550 as the unit for division, instead of the sum of $2,619.90 which he now contends was the amount of his bid. In *City of Chicago* v. *Sheldon* (1870), 9 Wall 50, 19 L. Ed. 594, the Supreme Court of the United States said: "In cases where the language used by the parties to the contract is indefinite or ambiguous, and hence, of doubtful construction, the practical interpretation by the parties themselves is entitled to great, if not controlling influence." *Board* v. *Gibson* (1902), 158 Ind. 471, 63 N. E. 982; *Patterson* v. *Bank of Chrisman* (1913), 55 Ind. App. 331, 102 N. E. 880.

It is agreed between the parties, that within the time fixed by sec. 1276, *supra*, the appellee, Harris, filed a bid in the office of the clerk of the court for the sum of $2,805, which exceeded $2,550 ten per cent, and that he accompanied this bid with a bond for $3,367, which exceeded $2,550 by twenty per cent; that in addition thereto, Harris likewise agreed to assume and pay the taxes for the year 1932, payable in 1933. The filing of the bid and bond by the appellee, Harris, was such a compliance with the statute as that it was the court's duty to order the real estate readvertised for sale.

Judgment affirmed.