## Hosier and Another *v.* Eliason.

The payee of a bill of exchange, after acceptance, indorsed to *A.* who indorsed to a bank. After protest for non-payment he took up the bill and sued the drawer and acceptor. The latter answered, 1. A general denial. 2. That the bank charged 12 per cent. for discounting the bill. 3. That the plaintiff, for a consideration, and without the defendant's knowledge, released the drawer.

*Held,* 1. That the second paragraph was bad; that it was no concern of the defendants what discount the bank charged *A.*

2. That the third paragraph was bad for uncertainty; that if the release was in writing, it, or a copy of it, should have been filed—if not, the terms and consideration should have been set out; but *quære,* whether if well pleaded, the paragraph would be a bar.

If a party demur, and pending his demurrer plead over, the pleading overrules the demurrer; but if both could stand, it would be presumed, upon a general finding, that the issues on both were referred to the Court together.

If at the institution of a suit a writ of attachment issue, and the defendant fail to answer to it, and judgment is rendered against him, the costs of the writ are to be taxed against him with the costs of the cause.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—*Madren* drew a bill of exchange, addressed to *Jesse Hosier, New York,* requesting him to pay to

*May Term,*
**1860.**

HOSIER
v.
ELIASON.

*Wednesday, June 13.*

the order of *Joshua Eliason*, at the office of *Winslow, Lanier & Co.*, *New York*, 4,467 dollars and 14 cents, value received, and charge the same to account of drawer. *Hosier* accepted the bill. *Eliason* indorsed it to one *Morton*, who indorsed it to the *Richmond* bank.

The bill was protested for non-payment. *Eliason* paid and took up the bill, and sued *Madren* and *Hosier*, the drawer and acceptor.

*Madren* made default. *Hosier* defended. He alleged in his answer—

1. A general denial.

2. That the bank charged 12 per cent. for discounting the bill.

3. That the plaintiff, for a consideration, and without the knowledge of the defendant, released *Madren*.

A demurrer was sustained to the second and third paragraphs.

The second paragraph was bad. It was no concern of *Hosier's* what rate of discount the bank charged *Morton* for discounting the bill. *Conwell* v. *Pumphrey*, 9 Ind. R. 135.

The third paragraph was bad for uncertainty. If the release was in writing, it should have been filed, or a copy of it. If it was not, the terms and consideration of it should have been set out, that the Court might have determined upon its validity. See *Page* v. *Ford*, 12 Ind. R. p. 46, where it is held, that an answer averring the acceptance of an article sold should set out the manner of acceptance—the acts relied on as constituting it. See, as to a release, 1 Ind. R. 313; 4 *id.* 465; 9 *id.* 371; Ind. Dig. p. 713. Probably this third paragraph, if well pleaded, would have constituted no bar.

The defendant amended this paragraph. See, as to effect of this step, Ind. Dig. p. 650, § 182.

The plaintiff again demurred; but before any action was taken upon the demurrer, he replied over in denial.

The cause was then submitted to the Court, by agreement of parties, and judgment was rendered for the plaintiff.

It is contended that error appears in the record, because there was no decision on the demurrer.

There are two answers to this objection:

1. A party cannot demur and answer to the merits at the same time to the same paragraph. Hence, where this is attempted, either the demurrer or answer must give way. The rule is, in such cases, that the answer overrules the demurrer, and puts it out of the case. Ind. Dig. p. 640. But,

2. If both could stand, it would be presumed that the issues on both were referred to the Court together, and decided in the general finding. This has been often decided. See the cases cited in Ind. Dig. p. 653, § 208.

At the institution of the suit, a writ of attachment was duly issued. The defendant did not answer to the attachment, and the costs of it were taxed against the defendant with the costs of the cause. This was right.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*W. A. Bickle* and *G. W. Julian*, for the appellants.

*O. P. Morton, M. F. Kibby, J. S. Newman, J. P. Siddall*, and *J. B. Julian*, for the appellee.