THE CITY OF JEFFERSONVILLE *v.* THE LOUISVILLE AND JEFFER-
SONVILLE STEAM FERRY COMPANY.

WHARFAGE.—The right to erect a wharf has its foundation either in the ownership of the soil or the right of eminent domain.

SAME.—When a wharf is built by individuals, it is private property; when built by a city, under the general law, it is under the jurisdiction and control of the city authorities.

SAME.—REPAIRS.—The city can be compelled to repair a wharf, and is liable for damages occasioned by the neglect to repair; but if one avails himself of the use of the wharf, although out of repair, he is still liable for wharfage.

SAME.—The voluntary expenditure of money by a stranger in repairing the wharf of a city will create no liability against the city.

FERRIES.—A ferry right, like the right to maintain a wharf, has its foundation in the ownership of the soil, or in the exercise of the right of eminent domain.

SAME.—WHARFAGE.—A city has no right to charge wharfage against one who is the owner of a ferry right, when the claim arises out of the exercise of the right of ferriage.

APPEAL from the *Clarke* Circuit Court.

GREGORY, J.—Suit by the appellant against the appellee to enforce the collection of wharfage assessed under an ordinance of the city.

The defendant answered: 1. By the general denial. 2. That one *Bowman* was the original owner of lot number one of the *Illinois* grant, and laid off the present city of *Jeffersonville*, and dedicated to public use the wharf ground fronting said city, and where plaintiff's wharf, named in this action, is located; that he conveyed the ground on which the city stands, including the wharf, to certain trustees, in trust to lay off a town thereon and to sell the lots therein, but in the deed reserved to himself and his heirs all ferry rights and privileges appurtenant to the land; that defendant, at a judicial sale of said ferry rights, made by order of the court below, on a decree against the heirs of *Bowman*, purchased the ferry rights so reserved, and was

the owner thereof at the time of the accruing of the claim of the plaintiff in this action, and has, ever since such purchase, used said franchise as defendant's own, and kept up a ferry thereunder, which is the same user which is the foundation of plaintiff's action.   3. That defendant was, at the time of the passage of the ordinances set forth in plaintiff's complaint, and for many years before was, and still is, the exclusive owner of all the ferry rights and franchises on the *Ohio* river, from the wharf of the city of *Jeffersonville* to the *Kentucky* shore; that defendant, and those under whom defendant claims, have for more than forty years used said franchise and maintained a ferry and ferry landing, and a road thereto from the wharf at *Jeffersonville*, at defendant's own cost, to the *Kentucky* shore, which is the same ferry and boat named in plaintiff's complaint, and for which user this action is brought.   4. That the plaintiff, during the time for which wharfage is claimed, and for a long time previous thereto, failed to keep the wharf and ferry landing and the road leading thereto in proper repair, and defendant was compelled to expend, and did expend, large sums of money in repairing said wharf, landing and road, to-wit, the sum of $1,000.

Separate demurrers were filed to the second, third and fourth paragraphs of the answer, which were sustained as to the second and third, and overruled as to the fourth.

The plaintiff replied to the fourth paragraph of the answer by the general denial.   Trial by the court; finding for the defendant; motion for a new trial overruled and judgment.   The evidence is in the record, and sustains the finding on the issue formed on the fourth paragraph of the answer.

The appellee assigns cross-errors, and complains of the action of the court below in sustaining the demurrers to the second and third paragraphs of the answer.

It is urged by the appellant that the court below erred in overruling the demurrer to the fourth paragraph of the answer.   This presents the question, whether the owner of a

wharf is bound to keep it in repair, as a condition prece-
dent to his right to collect wharfage? The city of *Jeffer-
sonville* is chartered under the general law. Among the
powers conferred by the charter is the power "to establish
and construct wharves, docks, piers and basins, and to regu-
late landing places, and fix the rates of landing, wharfage,
and dockage." 1 G. & H., § 35, p. 226, clause 36. There is
no statute prohibiting the collection of wharfage where the
city permits or suffers the wharf to get out of repair. The
right to erect and maintain a wharf has its foundation
either in the ownership of the soil, or the right of eminent
domain. When erected by individuals, it is private prop-
erty, when erected by a city, under the general law, it is
under the jurisdiction and control of the city authorities.
The city could be compelled to repair, and would be liable
for damages occasioned by the neglect to do so; but if one
avails himself of the use of the wharf, although out of re-
pair, we know of no principle of law which would exempt
him from paying therefor. The voluntary expenditure of
money by a stranger, in repairing the wharf of a city, will
create no liability against the city. We think the court
below erred in overruling the demurrer to the fourth para-
graph of the answer.

We think the court also erred in sustaining the demur-
rers to the second and third paragraphs of the answer.
A ferry right, like the right to erect and maintain a wharf,
has its foundation in the ownership of the soil, or in the
exercise of the right of eminent domain. The ferry right
includes the right to use the soil for ferry ways. *Bowman's
Devisees et al.* v. *Wathen et al.*, 2 McLean's R. 376. The an-
swer shows that the defendant was the owner of the ferry
right, in the use of which the claim of wharfage arose. As
against the defendant, the city had no right to charge
wharfage. The city can maintain its wharf only so far as
will not interfere with the franchise of the defendant.

The judgment is reversed, with costs, and the cause re-
manded, with directions to sustain the demurrer to the

fourth paragraph of the answer, and to overrule the demurrers to the second and third paragraphs of the answer, and for further proceedings.

*T. L. Smith, M. C. Kerr,* and *J. A. Ghormley,* for appellant.

*T. W. Gibson, J. E. McDonald, A. L. Roache,* and *D. Sheeks,* for appellee.