NOVEMBER TERM, 1870.    19

The City of Jeffersonville v. The Steam Ferryboat John Shallcross and Another.

THE CITY OF JEFFERSONVILLE v. THE STEAM FERRYBOAT
JOHN SHALLCROSS and Another.

PLEADING.—*Demurrer Waived by Answer.*—A party cannot, at the same time, demur to and answer a complaint. By answering, he waives his demurrer.

FERRY.—*Franchise Lost by Non-User.*—The right of ferriage may be lost by non-user.

SAME.—*Assignee.*—A party who, by non-user, has lost his franchise, cannot transfer any right by conveyance or assignment.

WHARF.—*Right of City to Construct.*—Cities have power to construct wharves and collect wharfage.

SAME.—*Repair.*—The voluntary expenditure of money by a stranger in repairing the wharf of a city will not create a liability against the city.

SAME.—*Duty of City to Repair.*—A city can be compelled to repair her wharves, and may be liable in damages for failure to do so.

SAME.—*Liability of Parties who Use the Wharves.*—A party who uses the wharves of a city cannot defeat the city's claim for wharfage by showing that the wharves are out of repair.

JURISDICTION.—*Claims for Wharfage.*—The state courts have jurisdiction to enforce the collection of claims for wharfage.

SAME.—A claim for wharfage against a domestic vessel is not of admiralty jurisdiction.

PRACTICE.—*Judgment.*—Where the evidence is in the form of an agreed statement of facts, and there is no reason for another trial, the Supreme Court will pronounce judgment without remanding the case for trial.

APPEAL from the Clark Circuit Court.

DOWNEY, J.—This was an action by the appellant to recover for the use of the wharf, at said city of Jeffersonville, by said steam ferryboat, in carrying passengers, &c., between Jeffersonville, Indiana, and Louisville, Kentucky. The suit was commenced before the mayor of the city of Jeffersonville, where there was judgment for the plaintiff, and the said boat having been attached and released on account of a bond having been filed, there was judgment by default against the ferry company, but no order for the sale of the boat. The process had been served on the captain of the boat, on one of the owners thereof, and the treasurer and acting superintendent.

The company appealed to the circuit court. The case having ended in the circuit court in a judgment for the de-

20          SUPREME COURT OF INDIANA.

The City of Jeffersonville *v.* The Steam Ferryboat John Shallcross and Another.

fendants, came to this court, and can be found reported on page 100, 27 Ind. On its return to the circuit court, the demurrer to the fourth paragraph of the answer was sustained, the second and third paragraphs were withdrawn, and a demurrer to the complaint filed by the defendants, alleging that the complaint did not state facts sufficient to constitute a cause of action, was filed and overruled, and the defendants excepted. The defendants then refiled the second and third paragraphs of the answer. The plaintiff demurred to these paragraphs of the answer, the demurrer was overruled, and the plaintiff excepted. There was a reply by the denial of the second and third paragraphs of the answer. Trial by the court, on an agreed statement of facts; finding for the defendants; motion for a new trial overruled; and judgment for the defendants. Several errors are assigned by the appellant, and cross errors are assigned by the appellees.

The first question made by the appellant is, that the complaint is insufficient. The plaintiff insists that as the first paragraph of the answer was not withdrawn with the second and third, but was on file when the demurrer to the complaint was filed and passed upon, the demurrer was rightly overruled, for this reason, if for no other, that a party cannot plead and demur at the same time.

This court held, in *Hosier* v. *Eliason*, 14 Ind. 523, that "a party cannot demur and answer to the merits at the same time to the same paragraph. Hence, when this is attempted, either the demurrer or answer must give way. The rule is, in such case, that the answer overrules the demurrer and puts it out of the case." Following this rule, we must regard the demurrer as out of the case; and as there is no assignment of error alleging the insufficiency of the complaint, no question with reference to that is before us.

The next question in chronological order relates to the sufficiency of the second and third paragraphs of the answer. They are the same that the court held to be sufficient when the case was in this court before, and that were then

disposed of as reported in 27 Ind., *supra*. We are not inclined to overrule the ruling of this court on this point as there expressed, though these paragraphs of the answer might be more satisfactory to us than they are.

The appellee complains of the ruling of the circuit court in sustaining the plaintiff's demurrer to the fourth paragraph of the answer. This was done in accordance with the mandate of this court, made when the case was here before, and we approve that ruling.

The next question is as to the correctness of the ruling of the circuit court in overruling the motion of the plaintiff for a new trial.

The claim of Bowman and of his devisees to a ferry franchise at the place in question was fully considered, on substantially the same facts as in this record, in the case of *Bowman's Devisees* v. *Wathen*, 2 McLean, 376, and in the same case on appeal to the Supreme Court of the United States, 1 How. 189. It was held in that case, in those courts, that the supposed ferry right of Bowman and his devisees had been utterly lost by non-user, and in consequence of the exercise of an adverse right by other parties. The case was decided by judge McLean in 1841, and it was affirmed by the Supreme Court of the United States in 1843. Long after this, in 1854, the defendants became the purchasers of this pretended right. It seems to us to follow, irresistibly, that if the right of Bowman and his devisees had been lost as above stated, the defendants acquired nothing by their alleged purchase of that right, and that their right to a ferry and to the free use of the wharf, if they have any, must rest upon other grounds than that which is furnished by that purchase.

The defendants or those under whom they claim are the same persons who contested the Bowman ferry claim set up in the case in 2 McLean and 1 Howard, *supra*, and prior to the time of that litigation and ever since they have maintained said ferry under licenses issued to them under the statutes of the State of Indiana.

The evidence shows that the part of the wharf used by the boats of the ferry company was constructed by, and at the cost of, the city, and that considerable sums had been expended by the city in keeping it in repair, a part of the amount thus expended by the city having been paid by the defendants in compromise and settlement of a former claim made against them by the city for wharfage. Also, that a considerable amount had been expended by the defendants in repairs of the wharf at the approaches to their ferry landing. Much of the money expended by the ferry company appears to have been expended under an agreement with the city, and not in consequence of any ownership of the wharf claimed by them. Part of the amount expended was paid out after this suit was brought. There is no evidence that any money was expended by the ferry company, on the wharf, at the request of the city, unless it may have been that paid or expended by it under the agreement of compromise referred to.

There is no evidence that the ancient Bowman ferry, which is referred to, was ever established or used.

There is no evidence that the ferry company owns any part of the wharf or any interest in it.

This court decided in this case when here before, that the fact that the city had failed to keep the wharf in good repair did not prevent her from collecting wharfage, and that the voluntary expenditure of money by the ferry company did not create any liability on the part of the city.

The statute in force at that time, and yet in force, provides that the city council shall have power "to establish and construct wharves, docks, piers, and basins, and to regulate landing places, and fix the rates of landing, wharfage, and dockage, and provide for the appointment of harbor and wharf masters and port wardens; all claims for landing, wharfage, and dockage accrued to said city shall be a lien upon the boat, vessel, or water craft, contracting the same, and after a demand made by the wharf master upon the owner, master, clerk, or consignee thereof, and refusal of

payment, may be enforced by attachment before the mayor of such city, when the amount does not exceed one hundred dollars, in the same manner and to the same extent that liens on boats and other water crafts are now enforced under the general laws of this State, and all the proceedings shall be conformable thereto as far as practicable."

The ordinance passed by the city council and made part of the complaint provides for the appointment of a wharf master, fixes the place of landing of the boats of the ferry company, and the rate of wharfage which they shall pay.

The remaining question has reference to the jurisdiction of the state courts. It is claimed that the subject is exclusively cognizable in admiralty. It is well settled that a claim for wharfage against a domestic vessel is not of admiralty jurisdiction, whatever may be the case with reference to others. *The Phebe*, Ware, 360; *George B. Russel* v. *The Asa R. Swift*, Newb. 553; *Ex parte Lewis*, 2 Gallis. 483. There is no evidence to show whether the boat, in this case, was or was not a domestic vessel. We are not required to presume that she was a foreign vessel, and that therefore the state court had no jurisdiction.

As the evidence in the case is in the form of an agreement of the facts, and as there seems to be no reason for another trial in the circuit court, the judgment is reversed, with costs, and the cause is remanded, with instructions to the circuit court to render judgment for the plaintiff for the amount claimed, twenty-seven dollars, and for the sale of the boat, &c., with costs.*

*M. C. Kerr*, *W. J. Hisey*, and *S. S. Johnson*, for appellant.

*T. W. Gibson*, *J. E. McDonald*, *J. M. Butler*, and *E. M. McDonald*, for appellees.

*Petition for a rehearing overruled.