# CITY OF JEFFERSONVILLE *v.* GRAY.

[No. 20,618.   Filed May 31, 1905.]

1.  TRIAL.—*Judgment on Interrogatories.*—*New Trial.*—A motion for judgment on the answers to the interrogatories notwithstanding the general verdict does not present the question whether all the material allegations of the complaint are proved, such question being raised only by a motion for a new trial.   p. 27.

2.  SAME.—*Judgment on Interrogatories.*—*How Determined.*—To determine whether a motion for judgment on the answers to the interrogatories to the jury is properly overruled the court can consider only the complaint, answer, general verdict and the answers to the interrogatories.   p. 27.

3.  SAME.—*General Verdict.*—*Special.*—*Presumptions.*—The general verdict determines all material issues in favor of the successful party, and, unless the answers to the interrogatories are in irreconcilable conflict therewith, must stand, all reasonable presumptions being indulged to sustain such general verdict, and no presumptions being indulged in favor of such answers.   p. 29.

4.  MUNICIPAL CORPORATIONS.—*Public Wharves.*—*Negligence.*—Cities are liable for negligence in maintaining public wharves.   p. 29.

5.  NEGLIGENCE.—*Contributory.*—*Public Wharves.*—A farmer sitting three or four feet back from the front on a load of loose hay is not guilty of contributory negligence as a matter of law for failing to see a depression on a public wharf into which his front wheel fell and overturned his load of hay, thereby causing him personal injury.   p. 30.

From Clark Circuit Court; *James K. Marsh,* Judge.

Action by Arthur L. Gray against the City of Jeffersonville.   From a judgment on a verdict for plaintiff for $500, defendant appeals.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*George H. Voigt* and *Henry F. Dilger,* for appellant.

*Evan B. Stotsenburg, John H. Weathers* and *Harry W. Phipps,* for appellee.

MONKS, C. J.—Appellee brought this action to recover for personal injuries received by him on account of the

alleged negligence of appellant in failing to keep in repair a public wharf of said city.

The jury returned a general verdict in favor of appellee, and also answers to interrogatories submitted by the court. Over appellant's motion for a judgment in its favor upon the answers to the interrogatories notwithstanding the general verdict, the court rendered judgment in favor of appellee. This ruling of the court on appellant's said motion for a judgment in its favor is assigned as error. In discussing this alleged error appellant claims that there was a failure of proof of a material averment of the complaint. No such question is presented by the error assigned. To present such a question, the same must be assigned in a proper manner as a cause for a new trial, and the overruling of the motion for a new trial assigned as error on appeal, and the evidence given in the cause made a part of the record on appeal. None of which steps have been taken in this case.

In determining the correctness of the action of the court in overruling appellant's said motion for judgment we can only consider the complaint, answer, general verdict and answers of the jury to the interrogatories. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 300; *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 27.

The complaint, omitting caption and signature, reads as follows: "The plaintiff complains of the defendant, and alleges that the defendant is a municipal corporation duly organized under the general laws of the State of Indiana; that said defendant, at the time of the grievance hereinafter mentioned, and for many years prior thereto, kept and maintained a public wharf on the front of said city along the Ohio river, which was much traveled and used by the public generally in going to and from said river; that immediately in front of said wharf there is maintained a wharf-boat, with aprons or approaches leading thereon,

for wagons and foot-passengers to reach the steam ferry-boats that are operated between said defendant city and the city of Louisville; that at the top of the river bank, and leading down onto said wharf, there is a street known and called Spring street, which runs back through said city, and one block further west is another street named Pearl, leading down and onto said wharf; that leading from said wharf-boat to the top of the river bank there was, at the time hereinafter mentioned, a stone walk for foot-passengers, across and over which there ran diagonally a road or track for vehicles, extending from said Pearl street across said wharf to the ferry landing; that on the 14th day of April, 1902, said track aforesaid on said wharf, which was much used and traveled by the public in hauling hay, grain and other produce, was negligently allowed to be and become out of repair and dangerous for the public to use, and at a point thereon where said track crossed said stone footway there was a dangerous hole or jump-off therein; that said dangerous place in said wharf had existed for more than six months prior to said 14th day of April, 1902; that on said day above mentioned plaintiff was proceeding from his home near Sellersburg, Indiana, to the city of Louisville, with a wagon, loaded with hay, drawn by two horses, and while driving along said track over and along said wharf, as he lawfully might, without any knowledge of the dangerous and unsafe condition of said wharf as aforesaid, and with due and proper care, and without fault on his part, but solely on account of the defective condition of said way, the wagon upon which he was riding was overturned, and plaintiff was precipitated upon the stones of said wharf, by which he was bruised, from the effects of which he ever since has, does now, and will continue to suffer great pain, be sore and crippled, and has been compelled to expend large sums of money for medical, nurse and surgical hire, to his damage in the sum of $5,000; that said defective condition of said wharf was known to said defendant, or, with the exercise of

reasonable diligence, might have been known.   Wherefore plaintiff prays judgment for $5,000 damages, and all proper relief."

The answer was a general denial.

The general verdict necessarily determined all the material issues in favor of appellee, and, unless the answers to the interrogatories disclose facts so inconsistent with the general verdict that they can not be reconciled with it under any conceivable state of facts provable under the issues, the court did not err in overruling said motion.   Nor can any presumption be indulged in favor of the answers to the interrogatories, but all reasonable presumptions will be indulged to sustain the general verdict.   *Consolidated Stone Co.* v. *Summit, supra,* and cases cited; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 423, 54 L. R. A. 396, 83 Am. St. 200, and cases cited; *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690, 697, 698; *Indiana R. Co.* v. *Maurer, supra; Wright* v. *Chicago, etc., R. Co.* (1903), 160 Ind. 583, 588, 589.

It is insisted by appellant that it was not the duty of appellant but of the ferry company to keep the place where appellee was injured in repair.   By the general verdict it was found that said place was a public wharf, and that it was the duty of appellant to keep the same in repair, and the answers to the interrogatories found nothing to the contrary.   It was the duty of cities of the class to which appellant belonged when appellee was injured to keep their public wharves in repair, and they were liable for damages caused by their neglect to do so.   §3541 Burns 1901, sub. 34, Acts 1895, p. 180, §53; *City of Jeffersonville* v. *Louisville, etc., Ferry Co.* (1866), 27 Ind. 100, 102, 89 Am. Dec. 495; *City of Jeffersonville* v. *Steam Ferryboat, etc.* (1870), 35 Ind. 19; 30 Am. and Eng. Ency. Law (2d ed.), 478, 490.

It is next insisted by appellant that the answers of the

jury to the interrogatories show that appellee was guilty of contributory negligence. The parties, in arguing this question, have called our attention to the following facts found by the jury in answer to said interrogatories: At the time when and the place where appellee was injured, vehicles could not by the exercise of care be safely hauled along and down said wagonway. The condition of said wagonway was then and there open to ordinary observation by persons on vehicles hauled along the same. Appellee's eyesight was good at the time of the injury complained of. He was injured in the morning between 8 and 12 o'clock. Appellee did not see the condition of said wagonway when the hay frame turned over and he was injured. He did not see the horses step into the hole in the roadway, and could not have seen the same, for the reason that he was sitting three or four feet back on his load. There was a footway constructed of stone leading from Front street to the dock of the Louisville & Jeffersonville Ferry Company. There was at the time another footway leading from a point near the bottom of said stone footway to a point near the intersection of Front and Spring streets, which was covered with cinders; both of these footways were intended for foot-passengers only. At the point where said Pearl street wagonway leaves said stone footway, and for a short distance eastwardly, it was six inches below and adjoining said cinder footway. The hay frame on appellee's wagon was not fastened to the running-gear. The front wheel on the left side of appellee's wagon and one of the horses attached to said wagon were on said cinderway, and one of the wheels on the right side of said wagon was in a hole in the wagonway at the time the hay frame on said wagon turned over. This position of the wagon caused the hay frame on appellee's wagon to turn over as he was driving towards the east approach to said dock. At the time appellee was injured there was a space of six feet between said cinder footway and the west apron of said ferry

dock, and the wheels of appellee's wagon were five feet apart.

It is true the answers to the interrogatories show that the jury found that the condition of said wagonway was open to ordinary observation by persons on vehicles passing over the same, and that vehicles could not by the exercise of care be safely hauled over said wagonway, but it was also found that appellee did not see the condition of said wagonway, nor did he see his horse step into the hole in said way, and could not see the same because he was sitting three or four feet back on his load. There are no answers showing that the position occupied by appellee on the load of hay was not a proper one, nor that there was any place on either side of said hole that he could have driven, nor that he was not exercising ordinary care in so driving.

The further point is made that appellee could have driven his wagon along said wagonway without going upon the cinder footway, because there was a space of six feet between said cinder footway and the end of said west apron of the ferry dock, and the wheels of appellee's wagon were only five feet apart. Said answers of the jury do not show what the conditions were in the space mentioned, nor that the roadway ran in this space, nor is there anything in said answers to indicate which end of the apron is referred to, nor the direction the measurement refers to, whether up or down the river, nor that appellee could have driven through said space. It is clear, under the rule heretofore stated, that said facts are not in irreconcilable conflict with the general verdict, which found that appellee was not guilty of contributory negligence.

Judgment affirmed.